U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2019 SEP 27 AM 10: 41

CLERK

BY____LAW
DEPUTY CLERK

TRACI WADE,                              )      Case No.:
                                         )
            Plaintiff,                   )           2:19. cv.172
                                         )
    v.                                   )
                                         )
KEY BANK OF VERMONT,                     )
                                         )
            Defendant.                   )
                                         )

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant KeyBank National Association

("Defendant" or "KeyBank") (incorrectly referred to by Plaintiff as "Key Bank of Vermont"),

hereby files this Notice of Removal of this case from the Chittenden Superior Court, State of

Vermont, Case No. 754-8-19-Cncv, where it is currently pending, to the United States District

Court for the District of Vermont.

This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in or

whole in part, arise under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42

U.S.C. § 12101, thus supplying federal question jurisdiction. This case is also removable

pursuant to 28 U.S.C. § 1332 (a), on the basis of diversity jurisdiction. Defendant respectfully

shows the Court as follows:

1.      Plaintiff instituted this civil action in the Vermont Superior Court, Civil Division,

Chittenden Unit, on or about August 23, 2019. *See* Exhibit A, Complaint.

2.      Defendant was served with a copy of the Complaint on September 10, 2019. A true and correct copy of all process, pleadings and orders served on Defendant is attached hereto as Exhibit "B" and incorporated herein by reference. *See* Exhibit B.

3.      Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of the initial pleadings on which the aforesaid action is based.

4.      No further pleadings have been filed in the state court action.

5.      The United States District Court for the District of Vermont is the federal judicial district embracing the Vermont Superior Court, Chittenden Civil Division, Burlington, Vermont, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 126 and 1441(a).

6.      This Court has jurisdiction over the state court action under 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff alleges Defendant discriminated and retaliated against her in violation of the ADA.

7.      Further, and for the reasons described below, this Court has jurisdiction over the state court action under 28 U.S.C. § 1332 because it is a civil action between citizens of different States in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

8.      Plaintiff states in her Complaint that she is "is a resident of Saco city in York County, Maine." *See* Exh. A at ¶1. As such, Plaintiff is a citizen of Maine. Defendant KeyBank has a principal place of business in Cleveland, Ohio.[1] For purposes of diversity jurisdiction, a national bank is "located" where it maintains its "main office"; its location is **not** determined by

---

[1] According to the Complaint, Plaintiff alleges that Key is "a banking institution headquartered in Cleveland, Ohio, with branches throughout the United States, incorporated and operating branches in Vermont." *See* Exh. A at ¶2.

2

the state(s) where it maintains branches. 28 U.S.C.A. § 1348. Therefore, Defendant is a citizen of Ohio for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Complete diversity exists in this case.

9.      Plaintiff alleges that Defendant engaged in illegal discrimination and retaliation on the basis of her sex, age, and alleged disability, in violation of the ADA and Vermont's Fair Employment Practices Act. Plaintiff's Complaint makes it facially apparent that Plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of costs and interest. Plaintiff seeks monetary damages in the form of lost benefits and retirement funds and earnings, liquidated and nominal damages, and punitive damages. *See* Exh. A at ¶¶ 61, 66, 71, 76.

10.     Although Defendant does not admit it has damaged Plaintiff as the result of any acts or omissions, the amount in controversy exceeds $75,000.00.

11.     Defendant is filing a copy of this Notice of Removal with the Vermont Superior Court, Chittenden Civil Division, Burlington, Vermont, as provided by law, and Defendant will send written notice to Plaintiff's counsel. *See* Exhibit C, State Court Notice.

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     The allegations of this Notice of Removal are true and correct and this cause is removable to the United States District Court for the District of Vermont.

14.     If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of removal.

**WHEREFORE,** Defendant KeyBank National Association, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Vermont Superior Court,

Chittenden Civil Division, Burlington, Vermont, effect the removal of said action to this Honorable Court.

Dated: September 26, 2019

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Danielle Y. Vanderzanden (VT 5087)
One Boston Place, Floor 35, Suite 3500
Boston, MA 02108
danielle.vanderzanden@ogletree.com
Telephone: 617-994-5700

**ATTORNEY FOR DEFENDANT KEY BANK
NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served Plaintiff with a true and correct copy of the within and foregoing NOTICE OF REMOVAL by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Norman Watts
Watts Law Firm, P.C.
P.O. Box 270
Woodstock, VT 05091
nwatts@wattslawvt.com

Danielle Y. Vanderzanden

40009995.1

4