# EXHIBIT B

**VTSMNS091019736190**

## Subpoena Processing



| | |
|---|---|
| **To:** | KeyBank Subpoena Processing |
| **Fax To:** | 216-357-6675 |
| **Date:** | 09/10/2019 |
| **Fax From:** | 802-660-4170 |

---

Complete these steps once you've printed this document and send the legal document to Subpoena Processing:

**1** Write the Tracking Number (**VTSMNS091019736190**) on the first page of the legal document.

**2** Your RACF: HILLAUG

**3** Write the total number of pages here: [11]  *(Be sure to include both the back and front of double-sided documents.)*

**4** Fax the legal document and this cover letter to Subpoena Processing at **216-357-6675.** *(Be sure to fax both the front and back of double-sided documents.)*

**5** Put this cover letter and the original legal document into an interoffice envelope and mail to the following address:

**Subpoena Processing**
**OH-01-49-3001**

---

*This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of this information. If you received this communication in error, please contact the sender immediately and destroy the material in its entirety, whether electronic or hard copy.*

*This communication may contain nonpublic personal information about consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or redisclose such information for any purpose other than to provide services requested by Key.*

**EXHIBIT B**
Sep/10/2019 3:39:31 PM                    Key Bank - VT468 802-651-5313

# CHITTENDEN COUNTY SHERIFF'S OFFICE
## P.O. BOX 1426
## BURLINGTON, VERMONT 05402

### RETURN OF SERVICE

_WAde_ vs. _KeyBank_   _7548-19_

Docket #

On the _10_ day of _September_, 20_19_, I made service of the following document(s) upon the defendant _Key BANK OF VERMONT_

- ☑ Summons
- ☑ Complaint
- ☐ Motion(s)
- ☐ Affidavit
- ☐ Summons to Trustee
- ☐ List of Exemptions
- ☐ Trustee Disclosure Under Oath
- ☐ Order to Escrow Rent
- ☐ Notice to Vacate
- ☐ Subpoena - Witness fees of _____
- ☐ _____
- ☐ _____
- ☐ _____

- ☐ Interrogatories
- ☐ Exhibit(s)
- ☐ Writ of Possession
- ☐ Judgment Order
- ☐ Order _____
- ☐ Memorandum of Law
- ☐ Notice of Hearing _____
- ☐ Writ of Attachment
- ☐ Recognizance

☐ by delivering a copy of the same to the defendant,
☑ by delivering a copy of the same to _____ _August Hill_

☐ a person of suitable age and discretion and then and there a resident at the usual place of abode of said defendant.
☐ At _____ _Burlington_
Vermont, (for each of them) a copy thereof with my return endorsed thereon.

| | | | |
|---|---|---|---|
| Service | _____ | Copies $ | _____ |
| Travel | _____ | Miles | _____ |
| Postage | _____ | | |
| Copying | _____ | Copies | _____ |
| Other | _____ | | |
| TOTAL | | $ | _____ |

_____ Sheriff/Deputy Sheriff

Sep/10/2019 3:39:31 PM

## STATE OF VERMONT

**SUPERIOR COURT**                                **CIVIL DIVISION**
**CHITTENDEN UNIT**                        **DOCKET NO. 754-8-19 Cncv**

**TRACI WADE,**

### PLAINTIFF

v.

**KEY BANK OF VERMONT,**

### DEFENDANT

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

### *SUMMONS*

### TO: THE ABOVE NAMED DEFENDANT,

You are hereby summoned and required to serve upon Norman E. Watts, Esq., plaintiff's attorney, whose address is 19 Central Street, PO Box 270, Woodstock, VT 05091-0270, and email address is info@wattslawvt.com, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. **YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE.** If you believe that the plaintiff is not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the plaintiff, you may wish to consult an attorney. If you feel that you cannot afford to pay an attorney's fee, you may ask the clerk of the court for information about places where you may seek legal assistance.

Dated: _____9/4/19_____

Served on: _____9-10-19_____                              Norman E. Watts, Esq.
                         Date

                                                                   Deputy/Sheriff

**EXHIBIT B**
4/12

## STATE OF VERMONT

**SUPERIOR COURT**                                      **CIVIL DIVISION**
**CHITTENDEN UNIT**                                  **DOCKET NO.** 754 - 8 - 19 Cncv

**TRACI WADE,**

### PLAINTIFF

v.

## KEY BANK OF VERMONT,

### DEFENDANT

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

### *COMPLAINT AND JURY DEMAND*

PLAINTIFF in this action, Traci Wade, files the following claims and allegations against defendant for disability discrimination and retaliation in violations of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*, as amended ("ADA"), age discrimination and gender discrimination under Vermont's Fair Employment Practices Act ("VFEPA") and she demands the following relief and remedies:

1. Plaintiff is a resident of Saco city in York County, Maine.

2. Defendant is a banking institution headquartered in Cleveland, Ohio, with branches throughout the United States, incorporated and operating branches in Vermont.

3. Defendant employed plaintiff as a Personal Banker for four years, from July 8, 2013 until July 13, 2017, at its Corporate Plaza, Burlington, Vermont branch.

4. In March 2018, plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging and protesting discrimination and retaliation under the aforementioned federal statutes, based upon her supervisor's and colleagues' treatment of her for her medical condition and recovery from related medical complications.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

1 of 9

5. In October 2016, plaintiff applied for the branch manager position for the North Avenue, Burlington, VT branch.

6. Area Retail Lender Bethany Belanger interviewed plaintiff on November 4, 2016 for two branch manager positions: at both the North Avenue and Corporate Plaza branches.

7. During the interview Belanger refused to consider plaintiff for the position at the Corporate Plaza branch, stating that plaintiff was "not ready for this branch," and that she would likely be "unable to perform the responsibilities" because she was "not in her best health," despite the fact that plaintiff had previously been a bank branch manager at another institution.

8. Belanger also acknowledged that plaintiff would be a good option for the Branch Manager position available at the North Avenue branch.

9. On November 10, 2016, Belanger emailed plaintiff requesting that plaintiff work two days at the North Avenue branch to "get a feel" for the staff, leading plaintiff to believe that she had advanced in the interview process.

10. However, Belanger never contacted plaintiff again about the position.

11. Plaintiff received a staff-wide email on February 24, 2017, announcing that Ryan Butler, a younger male candidate with no prior banking experience, had been appointed as the new North Avenue branch manager.

12. Further, soon after, the Burlington branch hired Matthew Sjoblom as a Personal Banker at a salary rate of $4.50 per hour more than plaintiff's rate of compensation, despite the fact that plaintiff had over ten years' banking experience more than Sjoblom.

13. Sjoblom was a younger male with no previous banking experience.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

2 of 9

09/10/2019  3:43PM (GMT-04:00)

14. In January 2017, Belanger denied the vacation requests that plaintiff had submitted for the coming year.

15. Belanger justified denying plaintiff's requests by citing defendant's seniority policy, claiming that she had already granted several other more senior employees' requests for the same days off work.

16. Plaintiff asked to remain on the request list for a particular day in July in case another employee cancelled their request.

17. Belanger later permitted two employees who were both plaintiff's junior to take the days off work that plaintiff had requested months prior.

18. In February 2017, plaintiff began to use a walker when standing or walking, as she was experiencing severe daily pain, sciatica spasms, and periods of immobility as a result of severe arthritis in her hip.

19. At defendant's request, plaintiff's physician submitted an official medical note to defendant in March 2017 to make defendant aware of plaintiff's disability, ongoing treatment, and necessary accommodations for a two-month period.

20. The use of a walker and plaintiff's ongoing issues with her hip physically prevented plaintiff from assisting at the teller counter.

21. Defendant granted plaintiff the temporary disability accommodations of using a walker at work and temporary leave from attending the teller counter.

22. On March 14, 2017, plaintiff requested the branch close so that employees could get home safely during a severe blizzard, as she was worried that the accumulating snow and drifts would prevent her from using her walker if she remained until close of day.

23. Defendant refused, disregarding both plaintiff's disability and the city's travel ban.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

3 of 9

Sep/10/2019 3:39:31 PM

Key Bank - VT468 802-651-5313

24. Driving home later that afternoon in the blizzard, plaintiff was forced to abandon her car because of the accumulated snow, and stay overnight far from home with strangers.

25. Although she promptly notified her supervisors of her inability to return to her stranded car, return home to access her medications, or to get to work, plaintiff was written up for missing work the next day.

26. In April 2017, Belanger and branch manager Rhonda Robbins informed plaintiff she was not allowed to attend physical therapy appointments for her hip because they "interfered with business needs."

27. Only a few months prior, Belanger had permitted another employee to attend physical therapy appointments during business hours for six weeks.

28. Plaintiff reported Belanger's failure to accommodate her medical needs to Human Resources through a formal complaint on April 17, 2017.

29. Human Resources assured plaintiff they would perform a thorough investigation and respond to her concerns, but they failed to ever contact plaintiff about the results of the investigation.

30. From March 2017, and extending through June 30, 2017, plaintiff was placed on a "Performance Improvement Plan" ("PIP"), which was amended several times.

31. The PIP listed fourteen items of alleged performance deficiencies, none of which plaintiff had been made aware of previously, and some of which dated back to a year prior.

32. Plaintiff had received two semi-annual performance reviews in the previous year; she was not notified of the supposed performance deficiencies at either time.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

4 of 9

09/10/2019  3:43PM (GMT-04:00)

33. The increased stress of extending the PIP through several amendments and Belanger's outwardly hostile and retaliatory behavior led plaintiff to experience extreme anxiety and high blood pressure.

34. On several occasions, plaintiff expressed to Belanger and other branch supervisors verbally and through email that she felt she was being harassed and discriminated against because of her medical disability and associated needs.

35. During plaintiff's tenure with defendant, she requested branch transfers on three occasions and each time Belanger blocked her requests.

36. On March 13, 2017, plaintiff requested to transfer to the Milton, VT branch as the branch was only a few miles from her home and the branch did not have a personal banker at the time.

37. In early April 2017, plaintiff requested a transfer to the North Avenue branch as a personal banker to escape the stress and harassment she was experiencing at the Burlington branch.

38. On June 2, 2017, the North Avenue Branch Manager disclosed to plaintiff that Belanger had informed him that she planned to "get rid" of plaintiff as soon as possible and had not permitted him to hire plaintiff for the personal banker position for which she had applied.

39. When plaintiff realized she would not be offered any opportunities locally, she made the decision to relocate to Maine in order to keep her tenure with Key Bank.

40. Plaintiff submitted her third transfer request in June 2017 to Ian McCarthy, Regional Manager of Maine, who expressed excitement at the prospect of her transfer and assured her that she was a qualified candidate for several positions that were currently available in his region.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

5 of 9

09/10/2019  3:43PM (GMT-04:00)

41. Plaintiff's current supervisors were aware of her transfer request to Maine.

42. The following day, McCarthy emailed plaintiff informing her that his region in fact did not have any positions currently available, although there were three open positions listed on the internal and external job boards.

43. Belanger had persuaded McCarthy into cooperating with her own cruel efforts to thwart plaintiff.

44. For the remainder of June and July 2017, Belanger refused to permit plaintiff to take her accrued personal time off to conduct external job interviews.

45. Belanger's daily and constant hostile and discriminatory behavior toward plaintiff, plaintiff's inability to transfer branches, and the failure of Human Resources to address plaintiff's concerns left plaintiff with extreme anxiety, high blood pressure, and depression, such that plaintiff felt she had no other choice but to resign.

46. Plaintiff resigned on July 13, 2017.

47. Plaintiff received an EEOC Right to Sue Letter concerning her discrimination and retaliation claims on August 20, 2018.

## COUNT ONE:
## ILLEGAL DISABILITY DISCRIMINATION

48. Plaintiff incorporates paragraphs 1 – 47 into this claim.

49. The ADA prohibits employers from discriminating and/or retaliating against an employee or applicant with a disability.

50. Plaintiff opposed and reported defendant's discriminatory actions against her because of her disability.

51. Plaintiff also opposed defendant's favoritism of non-disabled employees over plaintiff.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

6 of 9

52. Plaintiff expressed a charge of disability discrimination with a formal Human Resources complaint about her supervisor's discriminatory behavior.

53. Plaintiff's protests and complaint were protected activity under the ADA.

54. Defendant was aware of plaintiff's protected activity.

55. Defendant's retaliation against plaintiff for her disability accommodations, its refusal to accommodate her transfer requests, and ultimately its constructive discharge constitute adverse employment actions under the ADA.

56. There was a causal connection between plaintiff's protests, requests for accommodation, and internal Human Resources complaint and defendant's retaliation and continued harassment of plaintiff.

57. In addition, plaintiff requested a reasonable accommodation for her disability, a transfer to a different position that she could more easily handle given her disability and recovery from surgery.

58. Defendant refused plaintiff's request for a reasonable accommodation for her disability.

59. Defendant's actions violated the ADA.

60. For defendant's violations of the ADA, plaintiff demands judgment against defendant.

61. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

## COUNT TWO:
## ILLEGAL RETALIATION IN VIOLATION OF THE ADA

62. Plaintiff incorporates paragraphs 1-61 into this claim.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

7 of 9

09/10/2019   3:43PM (GMT-04:00)

63. Defendant retaliated against plaintiff because of her disability and her complaints and protests about its treatment of her as a disabled person.

64. Defendant's retaliation against plaintiff violated the ADA.

65. For defendant's additional violations of the ADA, plaintiff demands judgment against defendant.

66. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

## COUNT THREE:
## ILLEGAL GENDER DISCRIMINATION

67. Plaintiff incorporates paragraphs 1-66 into this claim.

68. Defendant's action in hiring an inexperienced, younger, less qualified male as branch manager instead of plaintiff, who was experienced and qualified for the position, constituted gender discrimination and violated Vermont's Fair Employment Practices Act.

69. Defendant's action in hiring an inexperienced, younger, less qualified male at a salary rate above plaintiff, who had worked for defendant for four years, among other banking experience, constituted gender discrimination and violated Vermont's Fair Employment Practices Act.

70. For defendant's additional violations under the statute, plaintiff demands judgment against defendant.

71. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

8 of 9

## COUNT FOUR:
## ILLEGAL AGE DISCRIMINATION UNDER VFEPA

72. Plaintiff incorporates paragraphs 1-71 into this claim.

73. Defendant's action in hiring an inexperienced, younger, less qualified male as branch manager instead of plaintiff, who was experienced and qualified for the position, constituted illegal age discrimination and violated Vermont's Fair Employment Practices Act.

74. Defendant's action in hiring an inexperienced, younger, less qualified male at a salary rate above plaintiff, who had worked for defendant for four years, among other banking experience, constituted illegal age discrimination and violated Vermont's Fair Employment Practices Act.

75. For defendant's additional violations of the VFEPA, plaintiff demands judgment against defendant.

76. Plaintiff also demands an award of monetary damages including lost benefits and retirement funds and earnings, liquidated and nominal damages, as appropriate, punitive damages, and reasonable attorney's fees and costs of action.

### PLEASE NOTE: PLAINTIFF DEMANDS A TRIAL BY JURY

DATED:  8/23/2019          .                    **TRACI WADE, PLAINTIFF**


By: _____

Norman E. Watts, Esq.
Watts Law Firm, PC
Attorney for Plaintiff

Watts Law Firm, P.C. PO Box 270, Woodstock, VT 05091
Phone (802) 457-1020, Fax (802) 432-1074, Email: info@wattslawvt.com

9 of 9